LEVENTHAL PUGA BRALEY P.C.
Alex R. Wilschke, (Bar No. 36323)
Adrian G. Johnson (Bar No. 60384)
Brian N. Aleinikoff (Bar No. 49238)
950 S. Cherry St., Ste. 600
Denver, CO  80246
Phone: (303) 759-9945
Fax: (303) 759-9692
awilschke@leventhal-law.com
ajohnson@leventhal-law.com
brian@leventhal-law.com
*Attorneys for the Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| ELAINA DENOLF, as Personal Representative of the Estate of EDWARD DENOLF,<br><br>      Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, AND DAVID LEONARD, M.D.,<br><br>      Defendants. | Case No. 1:25-cv-00497 |

**COMPLAINT FOR DAMAGES**

Plaintiff, Elaina DeNolf, in her capacity as the Personal Representative of the Estate of Edward DeNolf, by and through her attorneys, Leventhal Puga Braley, P.C., respectfully submits the following Complaint:

## CERTIFICATE OF REVIEW

Pursuant to C.R.S. § 13-20-602(3)(a), counsel certifies as follows:

Counsel has consulted with a physician with expertise in the areas of the alleged negligent conduct as set forth in Plaintiffs' Complaint; and,

The physician who has been consulted has reviewed all known facts relevant to the allegations of negligent conduct as complained of in Plaintiffs' Complaint; and,

Based upon such facts, this physician has concluded that the filing of the claims against Defendants do not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and,

The physician who has reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiffs' Complaint for Damages meets the requirements set forth in C.R.S. § 13-64-401.

### Parties, Jurisdiction, and Venue

1.  This case involves a federal question under 28 U.S.C. § 1331 and is brought under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1346, *et seq.*

2.  Defendant, The United States of America, owns and operates a health care facility known as the Rocky Mountain Regional Veteran's Administration Medical Center.

3.  Jurisdiction in this Court is appropriate pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, 28 U.S.C. § 1346(b)(1), and 28 U.S.C. § 1367.

4.  Mr. Edward DeNolf (referred to hereinafter as "Mr. DeNolf") was a resident and domiciliary of Colorado until his death.

5.  On June 23, 2023, the Denver County Probate Court appointed Elaina DeNolf as the Personal Representative of the Estate of Edward DeNolf with unrestricted authority.

6. Plaintiff has satisfied the jurisdictional prerequisite of 28 U.S.C. § 2675(a) by timely filing administrative claims against the United States on March 1, 2024, within two years of the date when the injury was discovered due to the negligence of the Defendants.

7. The United States has not responded to the Plaintiff's SF-95 claim and due to the passage of more than six months, the claim is deemed denied.

8. Venue is proper because the negligence of the agents and employees of the Defendant United States of America, by and through the Rocky Mountain Regional Veteran's Administration Medical Center, occurred within the State and District of Colorado.

9. Defendant United States of America, owns and operates a comprehensive regional medical center in Aurora, Colorado, known as the Rocky Mountain Regional Veteran's Administration Medical Center.

10. Defendant David Leonard, M.D. is a physician, licensed to practice medicine. At all times relevant to this case, he held himself out to the public as competent, careful, and experienced in the practice of medicine.

11. Defendant David Leonard, M.D., was at all times relevant to this case, an employee and/or agent of the Defendant United States of America, specifically, the Rocky Mountain Regional Veteran's Administration Medical Center.

12. Defendant David Leonard, M.D., provided medical care to Mr. DeNolf while in the scope of his employment and/or agency at Defendant United States of America, specifically at the Rocky Mountain Regional Veteran's Administration Medical Center.

## General Allegations

13. This is a medical negligence case relating to failure to communicate, diagnose, and treat lung cancer.

14. Decedent Mr. DeNolf was a veteran of the United States Army.

15. As a result of Mr. DeNolf's honorable service to the United States, he received medical care from the Rocky Mountain Regional Veteran's Administration in Aurora, Colorado.

16. At all times relevant, Defendant Dr. David Leonard was Mr. DeNolf's primary care physician at the Rocky Mountain Regional Veteran's Administration in Aurora, Colorado.

17. On March 22, 2021, Defendant Dr. David Leonard ordered a CT Chest to screen Mr. DeNolf for lung cancer and chronic obstructive pulmonary disease (COPD).

18. That Chest CT was resulted on April 7, 2021.

19. The impression of that CT scan included "bilateral non-calcified subcentimeter pulmonary nodules, measuring up to 6mm in diameter within the left upper lobe, technically indeterminate (lung-RADS score of 3). Recommend repeat low dose non-contrast CT chest in approximately six months for further evaluation."

20. The CT was given a primary diagnostic code of "Abnormality, MD attention needed" by Troy Miller, a Veteran's Administration ("VA") radiologist.

21. Defendant Dr. Leonard ordered a repeat CT scan in six months to reevaluate the nodules.

22. That follow-up study was done on November 2, 2021, and it identified a "slight interval increase in the size/conspicuity of an 8mm non-calcified ground glass pulmonary nodule within the left upper lobe."

23. The nodule grew 2 mm in the 6 months between the first and second CT studies.

24. Additional bilateral non-calcified subcentimeter pulmonary nodules were unchanged and remain technically indeterminate.

25. Dr. Miller again gave this a primary diagnostic code of "Abnormality, MD attention needed."

26. According to the records, Defendant Dr. Leonard "was on leave" from work at the time that these results were reported.

27. Defendant Dr. Leonard did not timely order follow-up diagnostic work up or treatment.

28. The Defendants failed to get Mr. DeNolf the cancer treatment that he needed.

29. During this timeframe Mr. DeNolf regularly complained of cough and shortness of breath to the healthcare providers at the Veteran's Administration.

30. Nothing was done to further work-up the cough or shortness of breath.

31. Mr. DeNolf's November 2, 2021 chest CT was not reviewed by Defendant Dr. Leonard until April 2023.

32. Mr. DeNolf's tumors continued to grow.

33. On April 28, 2023, Mr. DeNolf had a CT Angiogram that identified a primary pulmonary malignancy and secondary malignancy.

34. On April 29, 2023, Pulmonologist Amy Mathew, MD, reviewed the April 2021 CT and noted the nodule on that film was in a similar location to the malignancy identified on April 28, 2023.

35. On May 2, 2023, Defendant Dr. Leonard met with Mr. DeNolf.

36. Defendant Dr. Leonard told Mr. DeNolf that he had lung cancer for the first time.

37. During the May 2, 2023 meeting, the Defendants admitted that nobody ordered additional imaging or workup after repeat chest imaging showed nodule growth in November 2021.

38. During the May 2, 2023 meeting, the Defendants admitted that Defendant Dr. Leonard saw Mr. DeNolf in March 2022, September 2022, and March 2023, and did not follow up on the imaging during those appointments.

39. Defendant Dr. Leonard told Mr. DeNolf that the cancer was not timely treated by the VA due to their communication and care breakdowns.

40. On May 13, 2023, Mr. DeNolf died from complications of his cancer.

41. The Defendants had not begun treatment for the cancer when Mr. DeNolf passed away.

42. The Defendants' failure to recognize the information available to them in the imaging studies and provide timely and appropriate treatment is a breach of the standard of care and a cause of Mr. DeNolf's death.

### First Claim for Relief
**(Defendant United States of America by and through Rocky Mountain Regional Veteran's Administration Medical Center -*Medical Negligence Resulting in Wrongful Death*)**

43. Plaintiff incorporates all General Allegations herein by reference.

44. Defendant United States of America's Rocky Mountain Regional Veteran's Administration Medical Center is a hospital offering general and specialized healthcare to veterans of the United States Military.

45. Defendant United States of America's Rocky Mountain Regional Veteran's Administration Medical Center owed Mr. DeNolf a duty to exercise that degree of skill, caution, diligence, and foresight exercised by and expected of medical treatment facilities in similar situations.

46. The Defendant United States of America's Rocky Mountain Regional Veteran's Administration Medical Center deviated from that standard and were negligent in their care and treatment of Mr. DeNolf, including, but not limited to, the following:

   a. Failing to enact and/or enforce a system or policy to alert providers about abnormal findings in patient care;

b.  Failing to enact and/or enforce follow-up alerts for abnormal findings on imaging studies;

c.  Failing to enact and/or enforce policies and procedures to ensure imaging studies were timely reviewed and acknowledged by the ordering provider;

d.  Failing to ensure coverage for patients when their physicians were on leave from the hospital;

e.  Failing to enact and/or enforce appropriate patient hand-off procedures and/or patient coverage between healthcare providers to ensure continuity of care;

f.  Failing to ensure Mr. DeNolf timely received the appropriate consults related to the pulmonary nodules, including oncology and pulmonology;

g.  Failing to ensure Mr. DeNolf received timely cancer treatment and care;

h.  Failing to provide appropriate follow-up care to Mr. DeNolf;

i.  Failing to appropriately work up Mr. DeNolf's coughing and chest pain, among other complaints;

j.  Failing to have or enforce a system to provide continuous medical care for patients when their primary care physician was unavailable; and

k.  Failing to provide reasonable care to Mr. DeNolf.

47. As a direct and proximate result of the Defendant United States of America's Rocky Mountain Regional Veteran's Administration Medical Center's negligence, Mr. DeNolf and his heirs have suffered injuries, damages, and losses, including, but not limited to the following: grief; physical and mental pain and suffering; emotional stress; including loss of enjoyment of life, and wrongful death.

**Second Claim for Relief**
**(David Leonard, M.D.–** *Medical Negligence Resulting in Wrongful Death-C.R.S. §13-21-202 et seq.***)**

48. Plaintiff incorporates all General Allegations herein by reference.

49. Defendant David Leonard, M.D. was responsible for the care and treatment of Mr. DeNolf.

50. With respect to his care and treatment of Mr. DeNolf, Defendant David Leonard, MD, owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised and expected of physicians in similar situations.

51. Defendant David Leonard, MD, deviated from that standard and was negligent in his care and treatment of Mr. DeNolf, including, but not limited to, the following:

    a. Failing to provide complete and thorough medical care for Mr. DeNolf following the CT scan on November 2, 2021;

    b. Failing to ensure Mr. DeNolf received additional imaging, including a PET scan, after the November 2, 2021 CT Scan;

    c. Failing to work up the pulmonary nodules found on imaging in April 2021 and November 2021;

    d. Failing to ensure Mr. DeNolf timely received the appropriate consults related to the pulmonary nodules, including oncology and pulmonology;

    e. Failing to timely review imaging studies for Mr. DeNolf;

    f. Failing to ensure Mr. DeNolf received timely cancer treatment and care;

    g. Failing to provide appropriate follow-up care to Mr. DeNolf;

    h. Failing to work up Mr. DeNolf's coughing and chest pain, among other complaints;

      i. Failing to ensure adequate patient coverage when on leave from his employment and/or agency with Defendant United States of America's Rocky Mountain Regional Veteran's Administration Medical Center; and

      j. Failing to provide reasonable care to Mr. DeNolf.

52. As a direct and proximate result of Defendant David Leonard, MD,'s negligence, Mr. DeNolf and his heirs have suffered injuries, damages, and losses, including, but not limited to the following: grief; physical and mental pain and suffering; emotional stress; including loss of enjoyment of life, and wrongful death.

### Third Claim for Relief
*(Survival Action-C.R.S. §13-20-101 et seq.)*

49. Plaintiff incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

50. On May 13, 2023, Edward DeNolf died.

51. Plaintiff, Elaina DeNolf, brings this claim as Personal Representative of the Estate of Edward DeNolf.

52. As a direct and proximate result of the Defendants' negligence as outlined above, The Estate of Edward DeNolf, deceased, suffered injuries, damages, and losses including but not limited to medical costs and expenses, funeral and burial expenses, and other economic damages and losses.

53. As a direct and proximate result of the negligent acts and omissions of Defendants, The Estate of Edward DeNolf, deceased, is entitled to obtain monetary damages in an amount to be determined by the trier of fact, including but not limited to compensatory damages for the economic losses suffered.

**PRAYER FOR RELIEF**

For these reasons, Plaintiff, Elaina DeNolf, as Personal Representative of the Estate of Edward DeNolf, respectfully requests trial on the merits of this case, with entry of judgment in her favor against the Defendants in a fair and reasonable amount as shown by the evidence, together with all interest and costs as allowed by law.

Respectfully submitted this 14th day of February, 2025

LEVENTHAL PUGA BRALEY P.C.

BY: */s/ Alex Wilschke*
Alex R. Wilschke, (Bar No. 36323)
Adrian G. Johnson (Bar No. 60384)
Brian N. Aleinikoff (Bar No. 49238)
950 S Cherry St., Suite 600
Denver, CO 80246
*Attorneys for the Plaintiff*

**Plaintiff's Address:**
9101 N Harlan Street
Suite 330
Westminster, CO, 80031

10